**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **YURY DROZD,** | ) | **CASE NO. 4:26 CV 2003** |
| **Petitioner,** | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| **Respondents.** | ) | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner, Yury Drozd. (Docket #1.) Petitioner challenges the lawfulness of his detention by Immigration and Customs Enforcement.

**Factual and Procedural Background**

Petitioner is a citizen and national of Belarus. (Docket #1 at Paragraph 1.) On May 23, 2022, Petitioner applied for admission into the United States at the Calexico West Port of Entry. (Docket #1 at Paragraph 2.) After inspection, Petitioner was deemed inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). Section 212(a)(7)(A)(i)(I) states that alien immigrants who do not possess a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a

valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 211(a) [8 USCS § 1181(a)], are inadmissible. (Docket #1-1.) Pursuant to Section 212(d)(5) of the INA, Petitioner was released from custody on parole[1] and was issued a Notice to Appear, requiring that he appear before an Immigration Judge in Phoenix, Arizona on August 2, 2022. (Id.) Petitioner timely applied for asylum. (Docket #1 at Paragraph 36.)

Following the issuance of the Notice to Appear, Petitioner lived in Glendale, Arizona and later relocated to Ohio. (Docket #1 at Paragraph 3, 37.) On June 6, 2025, 3 years after he had entered the United States, Petitioner was arrested and charged with assault, aggravated trespassing, and vandalism – Parma, Ohio Municipal Court Case No. 25CRB01569. A temporary criminal protection order was issued. (Docket #1 at Paragraph 4; Docket #1-2.) The Court has no detail regarding the underlying circumstances which led to Petitioner's arrest and criminal charges. Petitioner entered a plea of not guilty. (Docket #1-2.)

Petitioner posted bond within a week of his arrest and was then detained by the Department of Homeland Security ("DHS"). (Docket #3 at p. 2.) The documentation prepared by DHS at the time of his detention, Form I-213, states that Petitioner "is removable pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act" as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Docket #3-3.) Form I-213 also states that Petitioner is to "remain in custody until he goes before an Immigration Judge for a custody redetermination."

---

[1] Respondent states Petitioner was paroled into the United States for one year. (Docket #3 at p. 2.)

Due to the fact that he was in DHS custody, Petitioner failed to appear in the Parma Municipal Court for a pretrial on July 14, 2025 and a warrant for his arrest was issued. On August 4, 2025, his attorney filed a Motion of Availability with the Parma Municipal Court. (Docket #1-2.) On October 20, 2025, the criminal charges against Petitioner were dismissed without prejudice and the Criminal Protection Order was later vacated. (Id.) As noted by Petitioner, the Parma Municipal Court Docket is silent as to why the criminal charges against Petitioner were dismissed. (Docket #3-2.) However, Respondent asserts that the dismissal was due to the fact that Petitioner was in DHS detention. (Docket #3 at p.2.)

On January 23, 2026, following a hearing before an Immigration Judge, Petitioner was ordered to be removed pursuant to Section 212(a)(7)(A)(i)(I) of the INA. (Docket #3-4.) Petitioner filed an appeal of that decision with the Board of Immigration Appeal and awaits a decision.

On August 21, 2026, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 with this Court. (Docket #1.) Petitioner claims his detention is governed by 28 U.S.C § 1226 and, therefore, that his continued detention without a bond hearing is unlawful (Claim I). In the alternative, Petitioner argues that his alternative that his continued detention under Section 1225(b)(2) violates his Fifth Amendment due process rights. (Claim II.) On August 31, 2026, Respondents filed their Response. (Docket #3.) On September 1, 2026, Petitioner filed a Reply Brief. (Docket #4.)

**Discussion**

A writ of habeas corpus is a civil mechanism that assesses the legality of a person's detention. *See* U.S. Const. art. I, § 9, cl. 2; *Ex parte Bollman and Ex parte Swartwout*, 8 U.S. 75, 2 L. Ed. 554 (1807). It is "available to every individual detained within the United States[,]"

*Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004), including noncitizens in immigration proceedings. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs habeas petitions in federal court. *See* 28 U.S.C. §§ 2241-2256. A petition filed pursuant to Section 2241 petition allows a person to challenge the execution, administration, or condition of their detention. *See id.* A district court may grant habeas relief under § 2241 when, inter alia, a person has carried the burden of showing their detention violates the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3).

**Conclusion**

Pursuant to the holding in *Lopez-Camps v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), 8 U.S.C. § 1226(a) governs Petitioner's detention and he is entitled to an individualized bond hearing. Accordingly, the Petition for Writ of Habeas Corpus (Docket #1) filed by Petitioner is hereby granted as follows:

Respondents are hereby directed to provide Petitioner with a bond hearing[2] under 8 U.S.C. § 1226(a) within 14 days of this Order, with notice to the Parties as soon as practicable but no later than 24 hours prior to the scheduled hearing.

---

2

The events that led to the Petitioner's arrest on June 6, 2025 are unknown to the Court. While the materials submitted by the Parties do not suggest that Petitioner is subject to detention under 8 U.S.C § 1226(c), the Immigration Court will be able to assess the circumstances underlying the Parma Municipal Court charges of assault, aggravated trespassing and vandalism that were filed against Petitioner and preceded his detention by DHS. The Court is also mindful of the fact that Petitioner was ordered to be removed pursuant to Section 212(a)(7)(A)(i)(I) of the INA and awaits decision on appeal. The Immigration Court will be able to assess Petitioner's ties to the area and whether he poses a flight risk.

IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED: October 8, 2026